UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DUSTON DEAN MAYNARD, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:11-1233 |
| v. ) | Judge Sharp/Brown |
| ) | |
| PAM HALE, BRUCE HELMS, JESSIE ) | |
| OLIVER, BARBARA JACKSON, ) | |
| LYNETTE GAVIN, and ) | |
| PATRICIA PATTERSON, ) | |
| ) | |
| Defendants ) | |

**TO: THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

Presently pending is a motion to dismiss by the Defendants Pam Hale, Bruce Helms, Jesse Oliver, Barbara Jackson, and Patricia Patterson (Docket Entry 12).[1] For the reasons stated below the Magistrate Judge recommends that the motion as to all Defendants be **GRANTED** and this case dismissed.

### BACKGROUND

In his statement of claims (Docket Entry 1, par. 4) the Plaintiff alleges that Ramadan began on August 1, 2011. The Plaintiff alleges that he wanted to participate as a Muslim by eating a predawn meal during the month of August and having another meal served after sunset. He alleges that he was not given a

---

[1] The Defendants' counsel also represents Lynette Gavin, and in the body of his memorandum of law (Docket Entry 13, p. 6) refers to the activities of the Defendant Gavin. For this purpose of this report and recommendation, the Magistrate Judge will consider it as to all six Defendants, as it appears the arguments are identical as to Defendants Gavin, Patterson, Jackson and Oliver.

predawn meal on August 1st and he asked why not. He was later contacted by Chaplain Helm's office and informed that, after receiving his complaint, that he was placed on the list for Ramadan.

Plaintiff stated that after sunset that night he was advised by a correctional officer that there was no Ramadan list. He, therefore, did not receive a meal that evening after fasting all day.

On August 2nd he was again not provided a predawn meal. He stated that when he got his regular meal that day, his food tray had on it a tag which stated "Ramadan per Chaplain Helms." He attached to his complaint a statement provided by Chaplain Fleming to Islamic inmates that the jail would be observing the holy month of Ramadan and that inmates who signed up for Ramadan would be getting a breakfast tray as usual before daylight, and that they would receive a double portion dinner after dark. They were advised that if they were seen eating during daylight hours they would be removed from the Ramadan list, and once removed they would not be put back on the list. They were instructed to sign up for Ramadan with their case manager.

In his grievance filed on August 2, 2011 (Docket Entry 1-1, p. 6) he states that he made inquiry at 12:30 a.m. on August 1st about the Ramadan list and was provided the memo mentioned above by Correctional Officer Dalton. However, he states that he was

2

advised that the memo was not for the Hill Detention Center, but for another institution. He states that Correctional Officer Dalton told him that there was no memo for Hill Detention Center. He advised that he did talk to Chaplain Helms and Lieutenant Bone and that he was told that he was placed on the Ramadan list and that if he had any problems he was to let Chaplain Helms know. He states that later that evening at approximately 8:15 he asked if they were going to call the Ramadan participants to eat so that they could break their fast. He states that Correctional Officer Lang said there was no list of preparation for Ramadan and that he had been to the Chaplain's office that morning. Correctional Officer Lang said it was out of his control and he received nothing to eat that evening.

On the morning of August 2nd at approximately 5:38, he states that he again asked Correctional Officer Lang why he had not received the predawn meal and was told that there was no Ramadan list. He stated that he did not receive a meal that morning, but still made his intentions to fast. He states that about 8:20 p.m. he was called to the chow hall where he spoke to Lieutenant Pacmele and Correctional Officer Williams and they gave him a lunch and dinner tray and told him that everything was in order. He states that the tag on the diet tray stated that he was on Ramadan per Chaplain Helms. He retained this tag and filed a copy with his complaint (Docket Entry 1-1, p. 5).

3

On August 3rd he states that he received his predawn meal and was told by Correctional Officer Lang that everything was now in order. He states that at 8:30 p.m. on August 3rd he asked Correctional Officer McCutchen if they were ready for Ramadan and was told that he was not on a Ramadan list. He spoke again to Lieutenant Pacmele who told him that he was not on the list. When he showed Lieutenant Pacmele the tag from his morning tray confirming that he was on the list, Lieutenant Pacmele told him that it was out of his control and he received nothing to eat that night.

At 5:15 a.m. on August 4th Plaintiff asked about the predawn meal and Correctional Officer McCutchen told him that he still was not on the list. He received no predawn meal that morning and still made his intentions to fast for the day. That evening at 7:45, he was called to a lineup in the hallway to get a dinner tray and he was able to take the tray back to his cell to eat after sunset.

Plaintiff stated that on August 5th at 4:18 a.m. he asked Correctional Officer Lang about eating the predawn meal and was told that he was not on the list, although Correctional Officer Lang told him that he knew he was on it from days earlier and did not know how he was removed. He again did not receive a predawn meal and still made his intentions to fast for the day. At 8:04 p.m. he was called to the chow hall and given his lunch and dinner trays and Lieutenant Pacmele informed him he was on the list again.

4

On August 7th at 8:01 p.m. he was given his food inside the unit by Correctional Officer Lang. He states that when he opened his tray he noticed that the main course was missing. Correctional Officer Lang informed him that the contract workers were gone and that there was nothing he could do at that time. He therefore did not receive a proper meal for that evening.

On August 8th Plaintiff received a response from his grievance that he wrote to Pam Hale, who advised him that he was on the list for Ramadan. At 8:46 p.m. he entered the chow hall to break his fast and was given a peanut butter sandwich and an orange. He complained and Lieutenant Miller came and said that the contract cafeteria people were gone and that there was nothing he could do at this time. He again did not receive a meal that he was supposed to receive.

Plaintiff states that on August 15 in the evening he received only a lunch tray and no dinner tray.

The complaint contains no factual allegations that the Defendants Gavin, Patterson, Jackson and Oliver did anything. The factual allegations against the Defendant Hale simply alleges that she responded to his grievance and told him that he was on the Ramadan list. The factual allegations against Defendant Helms are that when he complained to Chaplain Helms about not getting to eat a Ramadan meal on August 1st that Chaplain Helms placed him on the list and told him to let him know if there were any problems. There are no allegations that he complained further to Chaplain

5

Helms or that Chaplain Helms did anything other than place him on the list.

There are allegations that other individuals gave Plaintiff various reasons why he was not provided a meal, that he was not on the Ramadan list, and that the contract food service employees had failed to properly prepare a food tray.

## LEGAL DISCUSSION

The motion to dismiss and accompanying memorandum of law were filed on March 23, 2012 (Docket Entries 12 and 13). As of the date of this Report and Recommendation Plaintiff has filed no response to this motion. Under Local Rule 7.01 a response is due no later than 14 days after the service of the motion and that failure to file a timely response shall indicate that there is no opposition to the motion.

Even though no objection to the motion has been filed, the Magistrate Judge will nevertheless review the matter for legal sufficiency.

The Magistrate Judge believes that the memorandum of law (Docket Entry 13) is well written and accurately summarizes the law in this matter.[2] As an initial matter, under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice and

---

[2]A number of citations are to decisions outside of the Sixth Circuit. More Sixth Circuit cases would be even more useful.

6

a court is not required to accept as true legal conclusions couched as a factual allegation. *Iqbal* at 1950.

In this case the Plaintiff makes no factual allegations against the Defendants Gavin, Patterson, Jackson and Oliver, and his complaint against them is subject to dismissal on that ground alone.

The allegations against the Defendant Hale are that Hale responded to his grievance and told him that he was on the Ramadan list.

The mere fact that the Plaintiff feels that a response was inadequate does not state a Constitutional claim. *See Rogers v. Parker*, 2008 WL 4138175 (W.D. Tenn. 2008). The *Rogers* court quotes with approval *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007), which states

> Ruling against a prisoner on an administrative complaint does not cause or contribute to the Constitutional violation. A guard who stands and watches while another guard beats the prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.

In the present case, there is no allegation that the Defendant Hale did anything except to respond to the Plaintiff's administrative grievance. It further appears from his complaint that the advise she gave him was correct even though it appears that there were problems in carrying out the actual providing of Ramadan meals.

Concerning the Defendant Chaplain Helms, the Magistrate Judge agrees with the Defendant's position that these allegations

7

do not state a claim under § 1983. According to the complaint, when the Plaintiff complained to Chaplain Helms he was placed on a Ramadan list and was told to let the Chaplain know if he had any problems. The complaint does not allege that he ever complained further to Chaplain Helms or that Chaplain Helms did anything to prevent him from being on the Ramadan list or directly interfered with his receipt of meals.

Taking the Plaintiff's complaint in a light most favorable to him, he does allege that there were errors in providing him proper Ramadan meals on August 1, 4, 5, 7, 8, and 15. However, the failure appears to be from bureaucratic errors in the preparation of the Ramadan list and in the preparation of meals by the food service employees. While certainly not being provided a proper meal is unpleasant, the Plaintiff does not allege that he was not able to practice his religion properly as he states that he did fast as required by his religious belief. A short-term and sporadic disruption of his Ramadan eating habits does not, under these circumstances, allege a substantial burden on his religious freedom. *See Kennedy v. Boardman*, 91 F.3d 30, 33 (7th Cir. 1996). This is particularly true when it appears that the failure to properly serve the Plaintiff a predawn meal and a double portion evening meal was the result of bureaucratic bungling rather than a deliberate act by any of the named Defendants in this matter.

8

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the motion to dismiss as to all Defendants be **GRANTED** and this case be dismissed with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 17th day of April, 2012.

>　/s/ Joe B. Brown
>　JOE B. BROWN
>　United States Magistrate Judge

9