UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DUSTON DEAN MAYNARD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 3:11-1233 |
| | )   Judge Sharp |
| PAM HALE, BRUCE HELMS, JESSIE | ) |
| OLIVER, BARBARA JACKSON, | ) |
| LYNETTE GAVIN, and PATRICIA | ) |
| PATTERSON, | ) |
| | ) |
|     Defendants. | ) |

# ORDER

This is a *pro se* prisoner action under 42 U.S.C. § 1983 in which Plaintiff Duston Dean Maynard claims that Defendants violated his right to practice his Muslim faith. Specifically, he alleges that Defendants failed to provide him with pre-dawn and post-sunset meals, so that he could observe Ramadan – the annual month of fasting – which began on August 1, 2011.

The Magistrate Judge has entered a Report and Recommendation ("R & R") (Docket No. 20) in which he recommends that the Motion to Dismiss (Docket No. 12) filed by Defendants Pam Hale, Chaplain Bruce Helms, Jesse Oliver, Barbara Jackson, and Patricia Patterson be granted, and that this case be dismissed with prejudice. Plaintiff has filed Objections to the R & R (Docket No. 23).

Because the R & R relates to a dispositive motion, this Court's review is *de novo*. Fed. R. Civ. P. 72(b)(3). Having undertaken that review, and having considered the arguments of the parties, the Court concludes that, when the allegations in the Complaint are accepted as true and all reasonable inferences are drawn in Plaintiff's favor as required by Rule 12(b)(6), DirecTv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007), the Complaint as presently formulated fails to state a

1

claim against any of the named Defendants. However, the Court also finds that Plaintiff may be able to articulate allegations against one or more of the defendants that "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

The present Complaint was drafted by a *pro se* litigant, who, presumably untrained in the law, is afforded "'careful protection where highly technical requirements are involved, especially when enforcing those requirements might result in a loss of the opportunity to prosecute . . . a lawsuit on the merits.'" Brown v. Matausak, 415 Fed. Appx. 608, 616 (6th Cir. 2011). In most cases, the better practice is to allow a *pro se* litigant an opportunity to amend a complaint to cure pleading deficiencies before a dismissal, id., and that is the course the Court will follow here.

Turning to the specific allegations in the Complaint, the Magistrate Judge notes that "Plaintiff makes no factual allegations against the Defendants Gavin, Patterson, Jackson and Oliver, and his complaint against them is subject to dismissal on that ground alone." (Docket No. 20 at 7). This Court agrees with that observation because the Complaint merely alleges that those Defendants "are all the Administration," and are "Case Managers." (Docket No. 1 at 3 & 4). However, rather than dismissing the clams against those Defendants with prejudice, Plaintiff will be afforded an opportunity to amend his Complaint, particularly since the case is in its early stages.

As for Defendant Hale, the Magistrate Judge recommends dismissal because the allegations against her are that she responded to Plaintiff's grievance, told him he was on the Ramadan list, and the "mere fact that the Plaintiff feels that a response was inadequate does not state a Constitutional claim." (Docket No. 20 at 7, citing, George v. Smith, 507 F.3d 605, 609 (7th Cir. 2009) & Rogers v. Parker, 2008 WL 4138175 at *2 (W.D. Tenn. Sept. 2, 2008)). This is a correct statement of the law and supported by the cases cited in the R &R, but, again, Plaintiff should be afforded the

opportunity to amend his Complaint to allege additional facts, if warranted, against Defendant Hale.

With regard to Defendant Helms, the Magistrate Judge found that the allegations were insufficient to state a claim under § 1983 because, according to the Complaint, when Plaintiff complained about not being on the Ramadan list, Chaplain Helms placed him on the list and told Plaintiff to let him know if he had any further problems. Such allegations do not suggest "that Chaplain [Helms] deprived him of his First Amendment to practice his religion" as is required "[t]o prevail on his § 1983." Calvin v. Caruso, 605 F.3d 282, 290 (6th Cir. 2010). That said, it could be that Plaintiff has other facts to support his claim against Chaplain Helms, and he will be allowed to amend his Complaint to make such allegations if warranted.

Finally, the Magistrate Judge recommends dismissal because Plaintiff's allegations "appear" to be a classic description of a snafu:

> Taking the Plaintiff's complaint in a light most favorable to him, he does allege that there were errors in providing him proper Ramadan meals on August 1, 4, 5, 7, 8, and 15. However, the failure appears to be from bureaucratic errors in the preparation of the Ramadan list and in the preparation of meals by the food service employees. While certainly not being provided a proper meal is unpleasant, the Plaintiff does not allege that he was not able to practice his religion properly as he states that he did fast as required by his religious belief. A short-term and sporadic disruption of his Ramadan eating habits does not, under these circumstances, allege a substantial burden on his religious freedom. See Kennedy v. Boardman, 91 F.3d 30, 33 (7th Cir. 1996). This is particularly true when it appears that the failure to properly serve the Plaintiff a predawn meal and a double portion evening meal was the result of bureaucratic bungling rather than a deliberate act by any of the named Defendants in this matter.

(Docket No. 20 at 8).

The failure to provide Plaintiff proper meals during Ramadan may very well have been the result of "bureaucratic errors" and/or a "bureaucratic bungling." However, that is something which cannot be determined merely on the basis of the pleadings, but, instead, is something which needs

3

to be developed should Plaintiff articulate facts which suggest personal liability on behalf of one or more of the named Defendants. Likewise, it could turn out that the meal deprivations were "short-term and sporadic," but, again, that is something which needs to be fleshed-out, particularly since Plaintiff alleges in his Objections that he went "days without food," resulting in "a tremendous amount of pain and suffering." Colvin v. Caruso, 605 F.3d 282, 290 (6th Cir. 2010) (citation omitted) ("This court has previously held that 'prison administrators must provide an adequate diet without violating the inmate's religious dietary restrictions'").

Accordingly, the Court enters the following rulings:

(1) The R & R (Docket No. 20) is ACCEPTED insofar as it recommends that the claims against the individual Defendants be dismissed, but REJECTED insofar as it recommends that said dismissal be with prejudice;

(2) Defendants' Motion to Dismiss (Docket No. 12) is hereby GRANTED and the Complaint is hereby DISMISSED WITHOUT PREJUDICE;

(3) Within twenty-days (20) of the date of entry of this Order, Plaintiff shall file an Amended Complaint in which he sets forth specific allegations as to each Defendant relating to his or her personal involvement in the events giving rise to this lawsuit. Plaintiff is hereby CAUTIONED that any such allegations must be made in good faith, and is also CAUTIONED that the failure to file an Amended Complaint will result in dismissal of this action with prejudice; and

(4) The foregoing rulings are without prejudice to Defendants filing a Motion to Dismiss or a Motion for Summary directed at any Amended Complaint which the Plaintiff may file, and without prejudice to Defendants filing a renewed Motion to Dismiss or a Motion for Summary Judgment should Plaintiff fail to file an Amended Complaint.

This case is hereby returned to the Magistrate Judge for further case management.

It is SO ORDERED.

                                                KEVIN H. SHARP
                                                UNITED STATES DISTRICT JUDGE