IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DUSTON DEAN MAYNARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:11-cv-1233 |
| v. | ) | |
| | ) | Judge Sharp/Brown |
| | ) | |
| PAM HALE, BRUCE HELMS, | ) | |
| JESSIE OLIVER, BARBARA JACKSON, | ) | |
| LYNETTE GAVIN and PATRICIA | ) | |
| PATTERSON, | ) | |
| | ) | |
| Defendants. | ) | |

To: The Honorable Kevin H. Sharp

## REPORT AND RECOMMENDATION

Currently pending before the Magistrate Judge is Defendants Pam Hale, Bruce Helms, Jesse Oliver, Barbara Jackson, Lynette Gavin and Patricia Patterson's ("Defendants") Motion to Dismiss the Amended Complaint. (Docket Entry 30). Defendants have filed a Memorandum in support of their Motion. (Docket Entry 31). Defendants filed this Motion on July 12, 2012. (Docket Entry 30). Plaintiff Duston Dean Maynard ("Plaintiff") has not filed a Response. For the reasons set forth below, the Magistrate Judge **RECOMMENDS** Defendant's Motion be **GRANTED** and that Plaintiff's claims against Defendants be **DISMISSED with prejudice for failure to state a claim upon which relief can be granted.**

I. INTRODUCTION

The Plaintiff, an inmate of the Tennessee Department of Corrections housed at the Hill

1

Detention Center ("HDC"), brings this action under 42 U.S.C. § 1983 and 42 U.S.C.§ 2000cc-1 *et seq.*, alleging a violation of his religious freedom due to Defendants' interference with his ability to fast during Ramadan. (Docket Entry 1, 29). Plaintiff is seeking punitive damages of $250,000 and an order that Defendants must make preparations for Ramadan a week in advance. *Id.*

## II. BACKGROUND

Plaintiff filed this action *pro se* in the Middle District of Tennessee on December 29, 2011. (Docket Entry 1). Defendants filed a Motion to Dismiss and memorandum in support of this motion on March 23, 2012. (Docket Entry 12, 13). On April 17, 2012, the Magistrate Judge issued a Report and Recommendation recommending the Defendants' motion be granted and the case be dismissed with prejudice. (Docket Entry 20). On June 1, 2012, the District Judge ordered the case be dismissed without prejudice. (Docket Entry 25). The District Judge ordered Plaintiff to file an amended complaint setting forth specific allegations as to each Defendant relating to his or her personal involvement in the events giving rise to the lawsuit. *Id.* Plaintiff filed an amended complaint on June 25, 2012. (Docket Entry 29). On July 12, 2012, Defendants filed this motion to dismiss and supporting memorandum. (Docket 30, 31).

As of the date of this Report and Recommendation, Plaintiff has filed no response to Defendants' motion. Under Local Rule 7.01(b), a response is due no later than fourteen (14) days after the service of a motion. The failure to file a timely response shall indicate there is no opposition to the motion. Even though Plaintiff has filed no response to the Defendants' Motion to Dismiss, the Magistrate Judge will nevertheless review the matter for legal sufficiency.

The plaintiff is a Muslim inmate housed in HDC. (Docket 1, 29, 31). Prior to the

beginning of Ramadan, Plaintiff did not sign up to be provided pre-dawn and evening Ramadan meals. Plaintiff alleges this is because there were no preparations made for Ramadan by HDC staff. (Docket Entry 1, 29). When he inquired about Ramadan preparations on the morning of August 1, 2011, Plaintiff was given a flier from another correctional facility that said inmates should sign up with their case managers in order to receive Ramadan meals. (Docket Entry 1-1). Later on August 1, Plaintiff spoke to Defendant Helms, who stated he had placed Plaintiff on the HDC Ramadan list. (Docket Entry 1, 29). On the evening of August 1, and sporadically for several days afterward, Plaintiff was told by various HDC staff that he was not on the Ramadan list. At those times Plaintiff did not receive a Ramadan meal. Plaintiff filed a grievance on August 1, 2011 and on August 3, 2011. (Docket Entry 1-1). Defendant Hale responded to these grievances on August 8, 2011. She stated that Plaintiff was on the Ramadan list. *Id.* Overall, Plaintiff missed pre-dawn Ramadan meals on four days: August 1, 2, 4, and 5. Plaintiff missed an evening Ramadan meal on two days: August 2 and 3. Plaintiff received inadequate meals on three days: August 7, 8, and 15 (either receiving an insufficient portion or a cuisine he did not like). Plaintiff was still able to fast during the experience due to items he had ordered from the commissary. (Docket Entry 29).

Based on the above facts, Plaintiff alleges that the Defendants violated his religious freedom under 42 U.S.C. § 1983 and 42 U.S.C.§ 2000cc-1 *et seq.* by interfering with his ability to fast during Ramadan. (Docket Entry 1, 29). He alleges that based on the Defendants' actions, he "wasn't allowed to participate in being Muslim several times." (Docket Entry 1-1).

In his Amended Complaint (which incorporates his initial Complaint by reference), Plaintiff alleges that Defendant Hale "is the jail administrator and she is responsible for making

3

sure staff is (sic) doing their jobs correctly." (Docket Entry 29). Though he does not allege specific wrongdoings of any staff members besides the named co-Defendants, it can be inferred that Defendant alleges staff did not properly maintain the Ramadan list during the days when he was told he was not on the Ramadan list, and staff did not properly prepare Ramadan meals on the three days he received insufficient meals. (Docket Entry 1, 29). Moreover, Plaintiff states he filed a grievance on August 2, 2011, complaining that he was not receiving his pre-dawn and evening Ramadan meals. (Docket Entry 1). Defendant Hale responded on August 8, 2011 saying he was on the list for Ramadan. *Id.*

Plaintiff further alleges that Defendant Helms "is the Chaplain and is responsible for religious activities and events. Chaplain Helms has made preparations for Ramadhan[1] every other year that he has worked at Hill Detention Center. He is responsible for Ramadhan." *Id.* In his initial complaint, Plaintiff alleges he spoke to Chaplain Helms on August 1, 2011 concerning his missed pre-dawn Ramadan meal. (Docket Entry 1). Chaplain Helms told Plaintiff he had placed Plaintiff on the Ramadan list. Chaplain Helms also told Plaintiff that if he "had any problems to let him know." On August 2, 2011, Plaintiff received an evening Ramadan meal with a tag that stated "Ramadan per Chaplain Helms." (Docket Entry 1-1). There is no indication in Plaintiff's initial or amended complaint that Plaintiff spoke to Chaplain Helms after August 1, 2011.

Plaintiff also alleges that Defendants Oliver, Jackson, Gavin and Patterson are case managers who "are responsible for putting up a list for Muslims to sign up to participate in

---

[1] In his initial complaint, Plaintiff refers to both "Ramadan" and "Ramadhan." (Docket Entry 1, 29). This Report and Recommendation uses Ramadan throughout for consistency.

4

Ramadhan." Plaintiff refers to a memo an HDC correction officer gave him from SCC (a different correctional facility) that states that inmates should sign up for Ramadan with their Case Manager. (Docket Entry 1-1). Plaintiff states this memo "clearly shows how the Case Managers are responsible for putting up a list." (Docket Entry 29).

## III. LEGAL DISCUSSION

### A. Standard of Review for Motion to Dismiss

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party has the burden of proving that no claim exists. *Erickson v. Pardus*, 550 U.S. 89 (2007). Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, although a complaint is to be liberally construed, the District Court need not accept a "bare assertion or legal conclusions." *Id. See also Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). In other words, a court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). When viewing the complaint under the above standards, to survive a motion to dismiss, a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Twombly*, 550 U.S. at 555-56.

Plaintiffs are proceeding *pro se*. *Pro se* complaints are "liberally construed and held to less stringent standards than the formal pleadings prepared by attorneys." *Williams v. Curtain*, 631 F.3d 380, 383 (6th Cir. 2011). However, *pro se* litigants must still adhere to basic pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Fed. R. Civ. P. 8(f) mandates that pleadings must be construed so as to do justice.

**B. Analysis**

**1. Plaintiff's 42 U.S.C. § 1983 claim**

To prevail on a § 1983 claim, Plaintiff must show that a person acting under the color of state law deprived him of a right secured by the Constitution or the laws of the United States. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Plaintiff alleges a First Amendment violation of his right to exercise his religion freely. Prisoners are entitled under the First Amendment to a reasonable opportunity to exercise their religion. *Hudson v. Palmer*, 468 U.S. 517, 523 (1984). To establish that this right has been violated, a plaintiff must show that: (1) the belief or practice he seeks to protect is religious within his own "scheme of things," (2) his belief is sincerely held, and (3) the defendant's behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224-25 (6th Cir. 1987). In viewing Plaintiff's complaint in the light most favorable to him, the court must take as true Plaintiff's allegations that: (1) he is Muslim and, (2) this belief is sincerely held. However, even when viewed in the light most favorable to him, Plaintiff's allegations do not show that any of the named Defendants infringed upon his religious practice. As such, his § 1983 claim fails.

Plaintiff alleges that Defendant Hale is "responsible for making sure staff is (sic) doing their jobs correctly." Plaintiff, however, alleges no specific incidents when Defendant Hale was

6

personally involved in any activities that denied him of his Constitutional rights. Defendant Hale timely replied to Plaintiff's grievance within a week, assuring Plaintiff that he was on the list for Ramadan. After Defendant Hale's response on August 8, Plaintiff received a pre-dawn and evening Ramadan meal each day during Ramadan. Under § 1983, a state official is only personally liable for damages based "on their own unconstitutional behavior." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Allegations of *respondeat superior* cannot sustain a § 1983 claim. A § 1983 claim can only succeed if Plaintiff can show that "the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009). Plaintiff must show that Defendant Hale "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct." *Id.* at 803. Plaintiff alleges no facts that allows for this inference; he merely alleges that Defendant Hale has a supervisory position. As such, his § 1983 claim against Defendant Hale fails and should be dismissed with prejudice.

Plaintiff alleges that Defendant Helms "is responsible for religious activities" and he "is responsible for Ramadhan." (Docket Entry 1). He alleges that when he did not receive his pre-dawn Ramadan meal on August 1, 2011, he spoke to Chaplain Helms. Chaplain Helms told Plaintiff that he placed him on the Ramadan list. Plaintiff then received an evening meal tagged "Ramadan per Chaplain Helms." *Id.* There is no indication from Plaintiff's initial or amended complaints that when he missed subsequent Ramadan meals that this was because of any action Chaplain Helms was personally involved in or even that Chaplain Helms was made aware that a problem continued to exist. Thus, Plaintiff has not alleged that after the morning of August 1, 2011, Chaplain Helms ever either prevented his receipt of Ramadan meals or his being placed on

7

the Ramadan list.

At most, accepting Plaintiff's allegations as true in the light most favorable to him, Chaplain Helms may have been responsible for Plaintiff missing his pre-dawn meal on August 1, 2011. The Sixth Circuit has previously held that "prison administrators must provide an adequate diet without violating the inmate's religious dietary restrictions." *Alexander v. Carrick*, 31 F. App'x 176, 179 (6th Cir. 2002). However, "if the prisoner's diet . . . is sufficient to sustain the prisoner in good health, no constitutional right has been violated." *Id.* Even if Chaplain Helms is responsible for Plaintiff missing one pre-dawn meal, missing one meal did not affect Plaintiff's good health or his ability to practice his religion. Moreover, a short-term and sporadic disruption of his Ramadan eating habits does not, under these circumstances, allege a substantial burden on his religious freedom. *See Kennedy v. Boardman*, 91 F.3d 30, 33 (7th Cir. 1996). Plaintiff does not show that the Defendant's behavior infringed upon his religious practice or belief. *Kent*, 821 F.2d at 1224-25. As such, Plaintiff's § 1983 claim against Defendant Helms fails and should be dismissed with prejudice.

Plaintiff alleges that Defendants Oliver, Jackson, Gavin and Patterson are case managers who "are responsible for putting up a list for Muslims to sign up to participate in Ramadhan." (Docket Entry 29). Plaintiff does not allege that he spoke with any of above Case Managers before Ramadan began about being placed on a Ramadan list. Moreover, he does not allege that he spoke with any of the Case Managers concerning his difficulties receiving Ramadan meals once Ramadan had begun. As such, he does not allege that any Case Manager directly failed to place him on a Ramadan list, ordered someone to not provide him with a Ramadan meal, or had any direct role in the violation of his rights. (Docket Entry 31). The Minimum Standards for

8

Local Correctional Facilities § 1400-1-.10 states that "all reasonable efforts shall be made to accommodate the dietary needs of religion." Tenn. Corrs. Ins. Corr. Facilities Inspection (Nov. 2004). Tennessee Department of Corrections Policy 118.01 (Jan. 1, 2011) states: "Inmates may select regular, pork-free, or meat-free meals from the standard menus to meet their personal or religious preferences." In addition, if additional religious requests are necessary, 118.01 instructs inmates to submit their requests in writing to the Chaplain using the Inmate Inquiry Information Request CR-3118 for an individual request or Request for Group Religious Accommodations CR-3734 for group requests. There is no official Tennessee Department of Corrections policy concerning posting a flier for Ramadan dietary requests. Since Defendants Oliver, Jackson, Gavin and Patterson have no duty to post a list, and Plaintiff did not contact them concerning being placed on a list before or after the beginning of Ramadan, Plaintiff fails to show that any Case Manager personally infringed on his ability to practice his religion. As such, the § 1983 claims against Defendants Oliver, Jackson, Gavin and Patterson fail and should be dismissed with prejudice.

Even without consideration of the issue of qualified immunity, Plaintiff's § 1983 claims against all Defendants should be dismissed with prejudice. However, as will be shown below, Defendants are entitled to qualified immunity.

## 2. **Plaintiff's 42 U.S.C. § 2000cc-1** *et seq.* **claim (RLUIPA)**

Under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . even if the burden results from a rule of general applicability," unless the government can show (1) that the imposition of the burden "is in

9

furtherance of a compelling governmental interest," and (2) the burden furthers that interest by use of the "least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2). RLUIPA thus requires an inmate to show that his or her religious exercise was substantially burdened. *See Cutter v. Wilkinson*, 423 F.3d 579, 583 (6th Cir. 2005). An action will be classified as a substantial burden "when that action forced an individual to choose between 'following the precepts of her religion and forfeiting benefits' or when the action in question placed 'substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007). A mere "inconvenience on religious exercise" does not meet the level of substantial burden. *Reischaurer v. Jones*, 2007 WL 232625, *7 (W.D. Mich. Jan. 29, 2009).

Plaintiff does not show that his ability to practice his religion was substantially burdened. Plaintiff states that although it was a "horrible experience," he was still able to fast each day during Ramadan because he had some food items from the commissary. (Docket Entry 29). He says he did not have food items "every day but [he] managed." *Id.* Plaintiff alleges that he missed both pre-dawn and evening meals on only one day, August 1, 2011. (Docket Entry 1, 29). On four days, Plaintiff alleges he was provided with only one meal per day. *Id.* The Sixth Circuit has previously held "prison administrators must provide an adequate diet without violating the inmate's religious dietary restrictions." *Alexander*, 31 F. App'x at 179. "If the prisoner's diet . . . is sufficient to sustain the prisoner in good health, no constitutional right has been violated." *Id.* The Sixth Circuit has also previously held that one meal a was sufficient to maintain an inmate's normal health for a short interval. *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982). Plaintiff makes no allegation that he suffered poor health due to being

denied Ramadan meals. Moreover, he admits he was able to practice his religion. (Docket Entry 29). Though the administrative bungling was an inconvenience on his ability to practice his religion, it did not substantially burden him. *See Reischauerer*, 2007 WL at *7. Because Plaintiff was able to practice his religion without substantial burden, his claim under 42 U.S.C. § 2000cc *et seq.* fails and should be dismissed with prejudice. In the alternative, as will be shown, Defendants are entitled to qualified immunity.

### 3. Defendants' qualified immunity defense against § 1983 and RLUIPA claims

A two-part test is used to determined whether qualified immunity applies: "(1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established." *Estate of Carter v. City of Detroit*, 408 F.3d 305, 310 (6th Cir. 2005). For a right to be "clearly established," the "contours of the right must be sufficiently clear that a reasonable [government official] would understand that what he is doing violates that right." *Harris v. City of Circleville*, 583 F.3d 356, 366-67 (6th Cir. 2009).

Courts are "free to consider [the two-part test] in whatever order is appropriate in light of the issues before us," and therefore need not decide whether there was a constitutional violation if it determines that an official in the Defendant's position would reasonably believe that their actions were not in contravention to Plaintiff's constitutional rights. *See Jones v. Byrnes*, 585 F.3d 971, 975 (6th Cir. 2009). In the present case, even if a constitutional violation has occurred, under a defense of qualified immunity, Defendants would be shielded from personal liability if the constitutional right was not clearly established. Qualified immunity ordinarily applies unless it is obvious that no reasonably competent official would have concluded that the

actions taken were unlawful. *Ewolski v. City of Brunswick*, 287 F.3d 492, 501 (6th Cir. 2002). Qualified immunity "'gives ample room for mistaken judgments by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Hunter v. Bryant*, 502 U.S. 224, 229, (1991) (quoting Malley v. Briggs, 475 U.S. 335, 343, 341, (1986)). The plaintiff bears the burden of showing that defendants are not entitled to qualified immunity. *Untalan v. City of Lorain*, 430 F.3d 312, 314 (6th Cir. 2005).

Defendant Hale is entitled to qualified immunity. It was not clearly established at the time of the incidents that any of Defendant Hale's conduct could amount to a § 1983 or RLUIPA violation. Defendant Hale timely replied to Plaintiff's grievance. (Docket Entry 1-1). Even if Plaintiff believed Defendant Hale's response was inadequate, this is not a Constitutional claim. *See Rogers v. Parker*, 2008 WL 4138175 (W.D. Tenn. 2008) ("[r]uling against a prisoner on an administrative complaint does not cause or contribute to the Constitutional violation"). Moreover, though Defendant Hale was in a supervisory position, Plaintiff does not allege that she explicitly or implicitly "authorized , approved or knowingly acquiesced in the unconstitutional conduct." *Cardinal*, 564 F.3d at 802-03. As such, Defendant Hale did not act unreasonably or knowingly in violation of Plaintiff's rights and is entitled to qualified immunity. *See Colvin v. Caruso*, 605 F.3d 282, 291 (6th Cir. 2010).

Defendant Helms is also entitled to qualified immunity. It was not clearly established at the time of the incidents that any of Defendants Helm's conduct could amount to a § 1983 or RLUIPA violation. At most, Defendant Helms is responsible for Plaintiff missing one Ramadan meal. Missing one meal does not does not create a Constitutional violation. *See Alexander*, 31 F.App'x at 179; *Kennedy*, 91 F.3d at 33. After meeting with Plaintiff, Defendant Helms placed

Plaintiff on the Ramadan list, evidenced by the tag reading "Ramadan per Chaplain Helms" found on Plaintiff's food tray on August 2, 2011. After this initial meeting, Plaintiff pleads no facts that would create a plausible inference that Defendant Helms was personally involved in denying Plaintiff Ramadan meals. As such, Defendant Helms did not act unreasonably or knowingly in violation of Plaintiff's rights and is entitled to qualified immunity. *See Colvin*, 605 at 291.

Defendants Oliver, Jackson, Gavin and Patterson are all entitled to qualified immunity. Given that no official Tennessee Department of Correction policy exists that requires case managers to post a flier for Ramadan accommodations, it was not clearly established at the time of the incidents that Defendants' alleged failure to put up a flier would subject them to Section 1983 or RLUIPA liability.

**4. Plaintiff's failure to exhaust administrative remedies**

Plaintiff's claim should also be dismissed due to his failure to exhaust all possible administrative remedies. The Prison Litigation Reform Act of 1995 requires prisoners to exhaust all available administrative remedies before filing federal lawsuits challenging prison conditions. See 42 U.S.C. § 1997e(a); *Wyatt v. Leonard*, 193 F.3d 876, 877 (6th Cir. 1999); *Wright v. Morris*, 111 F.3d 414, 417 (6th Cir. 1997). The prisoner must allege and demonstrate that he has exhausted all available administrative remedies and should attach the decision containing the administrative disposition of his grievance to the complaint. *Wyatt*, 193 F.3d at 878; *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). The district court may not adjudicate an unexhausted claim and must enforce the requirement sua sponte if not raised by the defendant. *Brown*, 139 F.3d at 1104.

A Tennessee prisoner's administrative remedies are set forth in Tennessee Department of Corrections Policy 501.01 (Sep. 15, 2010), which lays out a three-level grievance procedure. At the first level, the prisoner generally is required to file a grievance with the grievance committee chairperson within seven calendar days of the disputed occurrence. The chairperson reviews the grievance and obtains a written response from the supervisor of the prison employee or department that is involved. The chairperson then prepares a written response to the grievance that is provided to the inmate. If the prisoner is dissatisfied with the response at the first level, the prisoner may continue to pursue the grievance through two additional levels. The second level is an appeal to the warden, and the third level is an appeal to the Assistant Commissioner of Institutional Support Services and Programs.

Plaintiff alleges that he filed two grievances. One grievance was filed on August 2, 2011. (Docket Entry 1-1). One grievance was filed on August 3, 2011. Plaintiff received a response from Defendant Hale on August 8, 2011. *Id.* Plaintiff attached both grievances and Defendant Hale's response to his initial complaint. *Id.* Plaintiff does not allege nor attach any documents that would show that he filed an appeal to the warden, or an appeal to the Assistant Commissioner of Institutional Support Services and Programs. Thus, Plaintiff has failed to show that he exhausted his administrative remedies. Under the Prisoner Litigation Reform Act of 1995, Plaintiff's complaint should be dismissed for lack of exhaustion.

IV. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** the Motion to Dismiss the Amended Complaint filed by Defendants be **GRANTED** and Plaintiff's action against them be **DISMISSED with prejudice**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein.  Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections.  Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation.  *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

Entered this 14th day of August, 2012.

/S/ Joe B. Brown
*JOE B. BROWN*
*U.S. MAGISTRATE JUDGE*